# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE G. SUTTON,<br><br>           Petitioner,<br><br>   v.<br><br>DENNIS SMITH,<br><br>           Respondent.                                 / | CV F   07-00211 LJO DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>ORDER GRANTING PETITION IN PART AND DENYING IN PART<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 3, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. The Magistrate Judge recommended Respondent be DIRECTED to make this determination within 60 days of the date of the Court's order. The parties were granted thirty (30) days to file objections to the Findings and Recommendation.  On May 9, 2007, Respondent filed objections.  On May 21, 2007, Petitioner filed objections.

Respondent challenges the Findings and Recommendation on two points.  First,

1

Respondent disagrees with the Magistrate Judge's analysis with respect to 28 C.F.R. §§ 570.20, 570.21. The Court agrees with the Magistrate Judge and concludes that the Findings and Recommendation is supported by the record and proper analysis. Therefore, the Court will grant the petition on this point.

Respondent also opposes to the Magistrate Judge's recommendation that an assessment of Petitioner's suitability for placement in an RRC be conducted within 90 days of this order. Respondent argues that Program Statement 7310.04, <u>Community Correction Center (CCC) Utilization and Transfer Procedure,</u> (12-16-1998), does not require an assessment be conducted until 11-13 months from the date of Petitioner's projected release date. Respondent's argument is persuasive. There is no authority of which this Court has been alerted to which would require the BOP to conduct an RRC eligibility review or immediately transfer an inmate to an RRC upon an inmate's demand. Rather, the BOP retains the *discretion* to transfer the inmate at any time during his or her incarceration, and only has the *duty* to consider an inmate for transfer in the last six months of the sentence. 18 U.S.C. § 3624(c); <u>Elwood v. Jeter</u>, 386 F.3d 842, 847 (8th Cir.2004.). Thus, to the extent that Petitioner requests an immediate transfer or eligibility determination, the petition will be dismissed without prejudice to renewing within 11 months of his projected release date.

Even though Petitioner does not challenge Program Statement 7310.04 in this petition, the potential claim would be meritless. Program Statement 7310.04 does not limit the BOP's discretion like 28 C.F.R. §§ 570.20, 570.21. It only requires the BOP conduct an assessment within 11 to 13 months from the date of the projected release date, thereby assuring the inmate receives a timely assessment. The program statement does not preclude the BOP from exercising its discretion and conducting an assessment at any time during an inmate's sentence. Therefore, the program statement does not run afoul of 18 U.S.C. § 3621(b).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. However, in light of Respondent's objections, the Court will not adopt the

recommendation as to when an assessment shall be completed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation of May 3, 2007, is ADOPTED IN PART;

2. The Petition for Writ of Habeas Corpus is GRANTED in part and DISMISSED WITHOUT PREJUDICE in part;

3. Respondent is ORDERED not to reference the BOP policy promulgated in December 2002 or the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21 in any consideration of Petitioner for RRC placement eligibility. If Respondent fails to complete such an assessment within 11 months of Petitioner's projected release date, Petitioner may move to reopen the case at that time.

4. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

**Dated:   June 4, 2007**                              /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE